UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RUBY JACKSON,            )<br>                                )<br>    *Plaintiff*,          )<br>                                )<br>v.                            )<br>                                )<br>NASHVILLE RESTAURANT  )<br>MANAGEMENT, LLC,    )<br>                                )<br>    *Defendant*.         )<br>                                )<br>                                )<br>_____ )  | Civil Action No.<br>_____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Ruby Jackson, by and through her undersigned counsel, respectfully submits this Complaint against Defendant Nashville Restaurant Management, LLC. For her causes, Plaintiff states as follows:

### Jurisdiction and Venue

1.     This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating

1

commerce.  Additionally, this Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367.

2.     Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

3.     Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.  Defendant owns and operates numerous restaurants in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## The Parties

4.     Defendant is a Georgia limited liability company.  Defendant manages and operates several restaurants, including the one in Georgia where Plaintiff worked.  It can be served via its registered agent, CT Corporation System, located at 1201 Peachtree Street NE, Atlanta, GA  30361.

5.     Plaintiff worked for Defendant as an Assistant Manager at one of its Popeye's locations from 2012 until July 2014.

## Factual Allegations

6.     Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e) during the relevant period.

7.     Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) during the relevant period and was not exempt from the overtime provisions of the FLSA.

8.     During the relevant period, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce and because its annual gross sales volume exceeded $500,000.

9.     During the relevant period, Defendant classified Plaintiff as non-exempt for FLSA purposes.

10.    Plaintiff was a non-exempt employee within the meaning of the FLSA throughout her employment with Defendant and was subject to the overtime provisions of the FLSA.

11.    During her employment with Defendant, Plaintiff often worked hours in excess of 40 hours per week for which Defendant failed to fully compensate her. Plaintiff's supervisors were aware of the hours Plaintiff worked for which she was not compensated.

12.    Defendant failed to credit and pay Plaintiff properly for all non-overtime and overtime hours she worked – *i.e.*, all hours worked over 40 within each workweek.

13. In particular, Defendant compensated Plaintiff at a rate of $12.95 per hour during the initial months of her employment. In approximately November 2013, Plaintiff received a performance evaluation in which Defendant gave her a raise. Plaintiff's Area Manager, Rich Karlsen, approved the raise for Plaintiff, which worked out to $13.21 per hour.

14. Despite that it had given Plaintiff a raise to $13.21 per hour, Defendant continued to compensate Plaintiff at a rate of $12.95 per hour for the next several months.

15. Once Plaintiff saw the error in her direct deposit statements, she complained about the compensation issue to Mr. Karlsen. Mr. Karlsen told Plaintiff that he would take care of the issue and, in or about January 2014, Defendant retroactively compensated Plaintiff to reflect the compensation she would have received had the raise been properly applied to Plaintiff's previous pay checks.

16. Going forward, however, Defendant failed to implement the raise for the year 2014. Instead, Defendant continued to compensate Plaintiff at a rate of $12.95 per hour.

17. When Plaintiff realized the error, she approached Defendant and its payroll company, MB Advisors, to correct the error.

18. After investigating the matter, Kevin Tapp, a Payroll Specialist with MB Advisors, advised Plaintiff that he had spoken with Defendant and that Defendant "came up with the conclusion that they never received proof from your old manager that you had a raise, and after looking over the evidence they thought you had ample time to let me or them know your pay rate was incorrect for months."

19. Defendant has willfully and intentionally failed and/or refused to properly compensate Plaintiff.

20. Plaintiff has given her written consent to participate in this action under the FLSA. Her consent is attached hereto as Exhibit A and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT I: Violation of the Fair Labor Standards Act
## Unpaid Overtime

21. Plaintiff re-alleges paragraphs 1 through 20 above and incorporates them here by reference.

22. By engaging in the conduct described above, Defendant failed to pay Plaintiff at a rate of pay not less than one and one half times her regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

23. Defendant's actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

24. As a result of Defendant's violation of the FLSA, Plaintiff is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for the following relief: the unpaid overtime compensation due under the FLSA at one and a half times their applicable regular rates for all hours worked in excess of forty (40) per week in an amount to be determined at trial; an equivalent amount as liquidated damages; pre- and post-judgment interest; reasonable counsel fees and costs; and such further and appropriate relief as the Court may deem necessary.

## COUNT II: Unjust Enrichment

25. Plaintiff re-alleges paragraphs 1 through 24 above and incorporates them here by reference.

26. Defendant has been enriched by making deficient payments for work performed by Plaintiff.

27. Defendant has been enriched at the expense of Plaintiff because Plaintiff regularly worked hours for which she was not properly compensated.

28. Defendant intentionally refused to pay Plaintiff at the proper rate for all hours worked and for time worked in excess of forty hours per week. Defendant knows or should know the proper rate of pay for Plaintiff.  Such wrongful conduct demonstrates bad faith on the part of Defendant.

29. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT III: Quantum Meruit

30. Plaintiff re-alleges paragraphs 1 through 29 above and incorporates them here by reference.

31. At Defendant's request, Plaintiff provided services in the form of work for Defendant. These services had reasonable value and were performed at an hourly rate.

32. Plaintiff regularly performed work without being properly compensated for this time. Plaintiff reasonably expected the proper compensation at the time the services were rendered.

33. Defendant accepted Plaintiff's services.

34. Defendant failed to compensate Plaintiff for the reasonable value of these services performed on Defendant's behalf.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of the Complaint; for an award of compensatory damages and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT IV: Breach of Contract

35. Plaintiff re-alleges paragraphs 1 through 34 above and incorporates them here by reference.

36. An employment agreement existed between Plaintiff and Defendant, the terms and conditions of which included a requirement for Plaintiff to perform services for Defendant and an agreement by Defendant to pay Plaintiff at an agreed hourly rate for all work performed.

37. The agreement was made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiff has performed all

conditions precedent, if any, required of Plaintiff under their employment agreement.

38. Defendant failed and refused to perform its obligations in accordance with the terms and conditions of its employment agreement by failing to compensate Plaintiff for all time worked on behalf of Defendant.

39. Plaintiff was thereby damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT V: Attorneys' Fees and Costs

40. Plaintiff re-alleges paragraphs 1 through 39 above and incorporates them here by reference.

41. Defendant acted in bad faith in failing to properly compensate Plaintiff for the services she performed. Thus, it is liable to Plaintiff for her attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

42. In addition, Defendant has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense in having to file this suit.

9

WHEREFORE, Plaintiff prays for judgment against Defendant on Count V of the Complaint; for an award of reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues deemed so triable.

Dated: November 10, 2014                Respectfully submitted,


By: /s/ Andrew Weiner
Andrew Weiner, Bar No. 808278
aw@atlantaemployeelawyer.com
Jeffrey Sand, Bar No. 181568
js@atlantaemployeelawyer.com
THE WEINER LAW FIRM LLC
3525 Piedmont Rd., 7 Piedmont Ctr. 3rd Fl.
Atlanta, GA  30305
(404) 254-0842
(866) 800-1482 (f)

Counsel for Plaintiff