# EXHIBIT 1

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into by and between Ruby Jackson ("Jackson") and Nashville Restaurant Management, LLC on behalf of and as well as, its respective present, past, and future owners, affiliates, predecessors, heirs, successors, assigns, insurers, employers, parents, and subsidiaries, and each and every one of their respective servants, officers, directors, employees, agents, controlling persons, relatives, representatives, joint venturers, beneficiaries, trustees, alter egos, and attorneys (collectively "NRM"). (Jackson and NRM collectively referred to herein as "the Parties.")

WHEREAS, on November 10, 2014, Jackson filed the lawsuit *Ruby Jackson v. Nashville Restaurant Management, LLC,* Civil Action No. 1:14-cv-03632-TCB (the "Action"), in the Northern District of Georgia asserting claims under the Fair Labor Standards Act;

WHEREAS, NRM denies all claims asserted in the Action by Jackson including each of Jackson's claims asserted in the Action and denies that Jackson is entitled to any relief whatsoever;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of NRM such being expressly denied by NRM, the Parties desire fully and finally to resolve the Action, all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes, that have been made or could have been made by or on behalf of Jackson against NRM relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed; and

WHEREAS, Jackson and NRM recognize that a bona fide dispute existed as to liability, if any, for attorneys' fees, expenses and costs and that this Agreement represents a bona fide compromise of all claims by Jackson for attorneys' fees, expenses and costs, which was negotiated at arms-length by counsel for the Parties.

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1. **Non-Admission.** This Agreement and compliance with this Agreement shall not be construed as an admission by NRM of any liability whatsoever, or as an admission by NRM of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity. NRM specifically disclaims any liability to Jackson or any other person for any alleged violation of the rights of Jackson or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of Jackson, or any of NRM's employees, agents or related companies or employees or agents of the related companies.


(RJ)

Page 1 of 7

_____
(NRM)

2. **Dismissal of Action with Prejudice.** In exchange for the consideration described below, Jackson agrees to dismiss the Action and all claims therein with prejudice. Jackson hereby authorizes her attorneys to execute on her behalf the Joint Motion for Approval of Settlement and Dismissal with Prejudice ("Joint Motion") that is attached to this Agreement as "Exhibit A." Upon approval by the U.S. District Court, the Joint Motion will thereby dismiss the Action with prejudice with each party bearing her/its own costs and fees, except as delineated in this Agreement.

3. **Settlement Consideration.**

   a. **Payment to Jackson:** Within the time and in the manner specified in subparagraph (b) below, NRM will pay to Jackson the gross amount of THREE THOUSAND SEVEN HUNDRED FIFTY and 00/100 ($3,750.00) DOLLARS (the "Settlement Proceeds") representing payment of all claimed damages to Jackson, and made payable as follows:

      (1) Wage Income. One check in the amount of THREE HUNDRED SEVENTY-FIVE and 00/100 ($375.00) DOLLARS payable to Ruby Jackson for all alleged wage damages, less applicable withholdings. NRM will furnish a W-2 to Jackson including this payment at the appropriate time;

      (2) Liquidated Damages. One check in the amount of THREE HUNDRED SEVENTY-FIVE and 00/100 ($375.00) DOLLARS payable to Ruby Jackson as liquidated damages, with no withholdings. NRM will issue an IRS Form 1099 to Jackson designating this payment as "other income," and Jackson must return a completed and fully executed IRS Form W-9 to NRM's counsel prior to issuance of this check; and

      (3) Attorneys' Fees and Expenses. Jackson understands and acknowledges that NRM is issuing to her attorneys, The Weiner Law Firm LLC, one check in the amount of THREE THOUSAND and 00/00 ($3,000.00) DOLLARS to resolve all disputed claims for attorneys' fees and costs in connection with the Action. This check will be made payable to The Weiner Law Firm LLC. NRM will issue an IRS Form 1099 to The Weiner Law Firm LLC, for this payment, and The Weiner Law Firm LLC must return a completed and fully executed IRS Form W-9 to NRM's counsel prior to issuance of this check.

   b. **Timing and Manner of Payment and Conditions Precedent:** Checks making payments under this Agreement to Jackson and The Weiner Law Firm LLC (the "Settlement Checks") will be forwarded to Jackson's counsel, The Weiner Law Firm LLC, within ten (10) business days after the U.S. District Court approves this Agreement and dismisses this case with prejudice.


(RJ)

Page 2 of 7

_____
(NRM)

4.  **Complete Release by Jackson.**

    a.  **Claims Released by Jackson.** Jackson irrevocably and unconditionally releases all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes that have been made or could have been made by or on behalf of Jackson against NRM or any of the Released Parties listed in Paragraph 4(b) relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

    b.  **Released Parties.** The "Released Parties" are Nashville Restaurant Management, LLC and all of its predecessors, successors, current, future and former parents (including, but not limited to, NRD Holdings, LLC), subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subparagraph, and their successors. Any individual person or entity included in the Released Parties shall be referred to individually as a "Released Party."

    c.  **Unknown Claims.** Jackson understands that she is releasing the Released Parties from Released Claims that she may not know about. That is her **knowing and voluntary intent**, even though she recognizes that someday she might learn that some or all of the facts she currently believes to be true are untrue and even though she might then regret having signed this Agreement. Nevertheless, Jackson is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Jackson expressly waives all rights she might have under any law that is intended to protect her from waiving unknown claims. Jackson understands the significance of doing so.

    d.  **Ownership of Claims.** Jackson agrees that she has not assigned or transferred any claim that she purports to release by this Agreement, nor has she attempted to do so. She expressly represents and warrants that she has the full legal authority to enter into this Agreement for herself and does not require the approval of anyone else.

5.  **Pursuit of Released Claims.** Other than the Action, Jackson represents and warrants that she has not filed or caused to be filed any demand for arbitration, lawsuit, complaint, or charge with respect to any claim this Release purports to waive, and promises never to file or prosecute any demand for arbitration, lawsuit, or complaint based on any such claim. Jackson understands that while she is not precluded from filing a charge with an administrative agency, she promises never to seek any damages, remedies, or other relief for herself personally (any right to which she hereby waives) by filing or prosecuting a

Page 3 of 7

(RJ)  (NRM)

charge with any administrative agency with respect to any such claim. Jackson agrees that she will not assist any person in filing or pursuing any claim against any Released Party, except where such an agreement is prohibited by law.

6. **Agreement not to Be Publicized**: Jackson and NRM acknowledge and agree that, in order to secure the Court's approval of this agreement, it must be filed as a public record on the electronic filing system for the United States District Court for the Northern District of Georgia. As a result, this Agreement will be a public record. However, the Parties agree not to publicize this Agreement by, for example, posting the Agreement or its terms on a social media website, publicly posting the terms of this Agreement on any website, or communicating the terms or existence of this agreement to current or former employees of NRM. Jackson further agrees that, without the express written agreement of NRM or unless required to do so by law, other than filing this Agreement with the Court to obtain approval, Jackson agrees never to disclose the existence, terms or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to spouses, parents, personal counsel or attorney, personal accountants, or personal tax preparer, if any, and to instruct such individuals not to disclose said information. To the extent required by law or applicable regulation, Jackson may also disclose the provisions of this Agreement to the appropriate taxing authorities. Jackson further agrees that, if questioned about this settlement, this Agreement, the disposition of claims, or any other information covered by this provision, Jackson will only say: "The matter has been resolved."

7. **Voluntary Assistance and Compelled Testimony.** Jackson agrees that she will not voluntarily aid or assist, either directly or indirectly, any individual or entity in the assertion or pursuit of any private claim or the prosecution of any private lawsuit, action, arbitration or judicial proceeding now existing or hereinafter arising against any Released Party. Notwithstanding the foregoing, Jackson understands that nothing in this Agreement shall preclude Jackson from providing truthful testimony under oath in response to a valid and lawful subpoena. Jackson further agrees that if she is subpoenaed or compelled to testify, or provide a written or oral statement of any kind to anyone regarding her employment with any Released Party, any information she learned during the course of her employment with any Released Party, or any matter relating to the termination of her employment with any Released Party or this Agreement, she will give ten (10) days advance notice (or such notice as is reasonably possible if less than ten (10) days is available) to the Released Parties by submitting written notice by facsimile or certified mail to <u>William E. Grob, Esquire, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, Florida 33602, (facsimile 813.289.6530)</u>, unless otherwise prohibited by law.

8. **No Future Employment.** Jackson agrees and recognizes that her employment relationship with NRM has forever ended. Jackson hereby understands and agrees that she will not be re-employed by NRM or its parent corporations (including, but not limited to, NRD Holdings, LLC), subsidiaries, divisions and affiliates in the future and that she will


(RJ)

Page 4 of 7

(NRM)

never knowingly apply to NRM or its parent corporations, subsidiaries, divisions and affiliates for any job or position in the future. Jackson agrees that if she knowingly or unknowingly applies for a position and is offered or accepts a position with NRM, its parent corporations (including, but not limited to, NRD Holdings, LLC), subsidiaries, divisions or affiliates, the offer may be withdrawn, and she may be terminated without notice, cause, or legal recourse.

9. **Non-disparagement**. Jackson agrees that she will not criticize, denigrate, or disparage any of the Released Parties in any comments or statements she may make at any time after the execution of this Agreement.

10. **Breach.** Jackson acknowledges that if she materially breaches or threatens to materially breach this Agreement, including, but not limited to, Jackson's obligations in the paragraphs pertaining to Confidentiality and Non-Disparagement and/or commences a suit or action or complaint in contravention of this release and waiver of claims, NRM shall be entitled to all remedies allowed in law or equity. The non-breaching party may seek injunctive relief to enforce the provisions of this Agreement.

11. **Payment of Applicable Taxes**. Jackson is and shall be solely responsible for all federal, state and local taxes that may be owed by Jackson by virtue of the receipt of any portion of the monetary payment provided under this Agreement. NRM will be solely responsible for the employer's share of any required taxes. Jackson agrees to indemnify and hold NRM harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Jackson under this Agreement.

12. **Implementation**. Jackson and NRM agree to sign any documents and do anything else that is or may be necessary in the future to implement this Agreement.

13. **Interpretation**. This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against Jackson or any Released Party. Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

14. **No Waiver by the Parties**. The waiver by the Parties of any provision of this Agreement or a breach of any provision of this Agreement by the Parties shall not operate or be construed as a further or continuing waiver of any subsequent breach by the Parties.

15. **Choice of Law & Choice of Venue**. The Parties agree this Agreement will be governed exclusively by Georgia law. The Parties further agree that any actions arising under, or to enforce, this Agreement shall be brought exclusively in the United States District Court for the Northern District of Georgia, provided that, if the United States District


(R.J)

Page 5 of 7

_AU_
(NRM)

Court for the Northern District of Georgia declines to exercise jurisdiction over such action, such action shall be filed in Fulton County Superior Court in Atlanta, Georgia. The Parties hereby expressly consent to jurisdiction and venue in Atlanta, Georgia and waive any defenses related to jurisdiction or venue.

16. **Counterparts.** This Agreement may be executed in any number of counterparts and by the Parties hereto in separate counterparts, with the same effect as if the Parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, shall constitute one and the same instrument, and shall be considered confidential in accordance with the terms of Paragraph 6 of this Agreement.

17. **Severability.** Except as otherwise provided in this paragraph, if any provision of this Agreement shall be finally determined to be invalid or unenforceable by a court or arbitrator of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement. If Paragraph 2, 3, and/or 4 of this Agreement is deemed invalid or unenforceable, in whole or in part, by a court or arbitrator of competent jurisdiction, this entire Agreement shall be null and void, and any payments made by or on behalf of NRM under this Agreement shall be repaid immediately.

18. **Entire Agreement.** This Agreement contains the entire agreement and understanding between Jackson and NRM with respect to its subject matter, and this Agreement supersedes all other agreements between Jackson and NRM with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by Jackson and NRM.

19. **Knowing and Voluntary Waiver.** Jackson acknowledges and agrees that her waiver of rights under this Agreement is knowing and voluntary. She further acknowledges that she understands the terms of this Agreement; that the payment referred to in this Agreement exceeds that to which she would otherwise have been entitled; that the actual payment is in exchange for her release of the claims referenced in this Agreement; that she has consulted with her attorneys prior to executing this Agreement; that she has consulted with an attorney in connection with her decision to enter into this Agreement, and that she has been represented by counsel throughout her dealings with NRM concerning this Agreement.

IN WITNESS WHEREOF the undersigned hereunto set their hands to this Agreement on the dates written below. This Agreement may be signed in single copy, multiple copies, single or multiple signature pages (for example with one party signing one signature page and other Parties signing other signature pages), and with original signature, photocopy signature, fax signature, or electronic signature permitted and accepted.

**[SIGNATURES APPEAR ON THE FOLLOWING PAGE]**

_____          Page 6 of 7          _____
(RJ)                                            (NRM)

| READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR. ||
|---|---|
| **AGREED AND ACCEPTED:**<br><br>*/s/ R. Jackson*<br>BY: RUBY JACKSON<br><br>DATE: 02/04/2015 | **AGREED AND ACCEPTED:**<br><br>*/s/*<br>NASHVILLE RESTAURANT MANAGEMENT, LLC<br>BY: *Manager*<br>ITS:  2/9/15 |

20222815.1

*/s/ (RJ)*     Page 7 of 7     */s/ (NRM)*